## J. McC. BUIE v. SAMUEL BROWN.

*Pleadings—Frivolous Answer—Amendment.*

1. An answer which raises a material issue, even though evasive and not fully responsive to the allegations of the complaint, is *not* frivolous.

2. While it is better that every pleading should be formal, orderly, and precise, yet it is sufficient if intelligible.

3. The allegations of a pleading should be liberally construed (*The Code*, § 260), and if they are indefinite the Court may require them to be made certain and definite, either *ex mero motu*, or upon application of a party interested. (*The Code*, § 261.)

This was a Motion for Judgment upon the pleadings heard before *Clark, J.*, at May Term, 1887, of ROBESON Superior Court.

The plaintiff alleged, in substance, that at the time specified he contracted to sell to the defendant the tract of land described in the complaint for the price therein mentioned; that all the purchase money had not been paid; that he had obtained judgment before a Justice of the Peace for the balance thereof which had not been paid; that he had offered to make to the defendant a good title for the land upon the payment to him of the balance of the purchase money; that he had demanded of the defendant that he give him possession of the land, &c.

The defendant admitted in the answer the contract to sell the land to him; the price to be paid therefor; he did not admit the alleged judgment or positively deny the same, but he alleged that he had fully paid the purchase money and owed the plaintiff nothing on account of it. He further alleged that the plaintiff had so encumbered the land by a mortgage thereof that he cannot make a good title to the same; that the defendant had placed valuable improvements on the land, &c. He demands judgment that the plaintiff make to him title for the land, and if he cannot, then that he have judgment against him for the purchase money he has paid, and for general relief, &c.

The Court adjudged the answer *frivolous* and gave judgment for the plaintiff. The defendant having excepted appealed.

No counsel for the plaintiff.
*Mr. William Black,* for the defendant.

MERRIMON, C. J.—after stating the case: It seems to us very clear that the answer was not frivolous. On the contrary, it raised material issues of fact that should have been submitted to a jury in the orderly course of procedure, and alleged equities which, if they exist, ought to be administered in the action.

It is true, the allegations of the answer are not so precise or positive as they might or properly ought to be, but the substance of the purpose and the nature of the defence relied upon appear with tolerable certainty.

It would be very much better if every pleading should be formal, certain, orderly, precise and as positive as its nature and the subject matter of it will allow, but, nevertheless, if it is intelligible, and the Court can see the substance of its purpose and the matter pleaded, it should be upheld. The Court ought not to hasten to condemn and disregard it.

Indeed, the statute (*The Code*, § 260) requires that, "In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties"; and it further provides (§ 261) that, "when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defence is not apparent, the Court may require the pleading to be made definite and certain by amendment." The purpose of the statute is to help the pleadings in proper cases by amendment with a view to promote justice. The Court may *ex mero motu* direct appropriate amendments to be made, or it may do so upon the application of a party interested.

The answer of the defendant to the allegation in the complaint in respect to the judgment for the balance of the purchase money is not definite or satisfactory—it seems to be insincere and evasive—but the Court should not, on that account have treated the whole answer as frivolous. Indeed, it should have required the defendant to make his answer in such respect certain, and so in other respects as well. It may be that the answer is false, but, treating it as a pleading— it is serious—raises important issues of fact, and discloses substantial grounds of defence.

The judgment must be set aside, and further proceedings had in the action according to law.

Error.