### JOHN C. HUTCHINS v. MAYNARD MANGUM AND WIFE, JULIA A. MANGUM.

(Filed 6 June, 1930.)

**Pleadings B a, I a—Answer in this case held to raise issue of fact and motion for judgment on pleadings was properly denied.**

Where the plaintiff in an action to declare a forfeiture of a life estate by defendant for failure to pay taxes, C. S., 7982, moves for judgment on the pleadings for the alleged failure of the defendant's answer to raise an issue of fact, the motion is properly disallowed by the trial court when the answer of the defendant is sufficient. A motion in the Supreme Court by defendant to be allowed to amend will not be passed upon, but will be left to the discretion of the court below. C. S., 537.

BROGDEN, J., not sitting.

APPEAL by plaintiff from *Cranmer, J.,* 7 November, 1929. From DURHAM. Affirmed.

The judgment of the court below is as follows:

"This cause coming regularly on to be heard upon the call of the entire civil issue docket pursuant to an order made by E. H. Cranmer, judge holding the courts of the Tenth Judicial District of North Carolina, at the September Term of the Superior Court of Durham County, and upon the call of the above-entitled action the plaintiff having moved for judgment upon the pleadings for that: First, the answer filed by the defendant, Julia A. Mangum, does not raise a material issue of fact; second, prior to the filing of the answer by Julia A. Mangum, she failed to execute and deposit the bond, as required by law.

That the plaintiff was represented at the hearing upon the motion by McLendon & Hedrick, and the defendant, Julia A. Mangum, was represented by Brawley & Gantt, and that the interpleader, Byrd Brothers & Pickett, was represented by Bryant and Jones, and that the defendant, Maynard Mangum, was not represented by counsel and has filed no answer to the complaint; that upon the reading of the pleadings and

after hearing argument of counsel for plaintiff and counsel for defendant, upon motion of the plaintiff, the court being of the opinion that the answer filed by the defendant, Julia A. Mangum, raised a material issue of fact for the jury:

It is therefore considered, ordered and adjudged:

1. That the court in its discretion hereby permits and allows the defendant, Julia A. Mangum, fifteen days from 7 November, 1929, to file bond with clerk of the Superior Court, as required by law, with sufficient surety and in an amount to be approved by the said clerk.

2. That the plaintiff's motion for judgment upon the pleadings be and the same is hereby disallowed, and that the said cause stand for trial on the docket in its regular order."

*McLendon & Hedrick* for plaintiff.
*Brawley & Gantt* for defendant, Julia A. Mangum.

CLARKSON, J. The only question of law involved: Is there a material issue of fact raised by the answer filed by the defendant, Julia A. Mangum?

The action is to forfeit the alleged life estate of Julia A. Mangum for failure to pay taxes. C. S., 7982. We think the answer raises a question of fact.

C. S., 519, is as follows: "The answer of the defendant must contain: 1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. 2. A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition."

Defendant contends that she has complied with the statute. "This defendant's answer is in exact compliance with the second clause of the first paragraph of said section 519."

The latter part of section 537 is as follows: "When the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment."

The motion is addressed to the discretion of the court below. The court below has a right *ex mero motu* to direct that the pleading shall be more explicit. The motion in this Court made by defendant to amend the answer we do not pass on, but leave it to the discretion of the court below.

Affirmed.

BROGDEN, J., not sitting.