### E. H. BOWLING v. THE FIDELITY BANK.

(Filed 26 February, 1936.)

1. **Pleadings D e—**

   A demurrer *ore tenus* on the ground that the complaint is insufficient to state a cause of action will not be sustained unless the complaint is wholly insufficient, construed in the light favorable to the pleader. C. S., 535.

2. **Mortgages H r—Trustor held entitled to maintain action for breach of cestui's agreement to bid in and convey property to trustor's son.**

   Plaintiff trustor alleged that the *cestui que trust* agreed to purchase the property at the foreclosure sale of the deed of trust and to convey same

to plaintiff's son, the *cestui* to receive from the son a deed of trust securing a note signed by the son, the plaintiff and plaintiff's brother, and the note to include certain items of indebtedness of the makers to the *cestui* not embraced in the original deed of trust, that plaintiff had breached the contract by purchasing the property at the sale and conveying same to a stranger, and that plaintiff had at all times been ready, able, and willing to perform his part of the contract. Defendant *cestui* demurred *ore tenus* to the complaint for its failure to state a cause of action for that plaintiff could not maintain an action on an agreement to convey the land to plaintiff's son. *Held:* The demurrer should have been overruled, the complaint alleging the contract and its breach by defendant, and defendant's interest not being affected by the fact that the conveyance was to be made to the plaintiff's son and not to plaintiff.

3. **Same—Contract for purchase of property at sale by cestui and conveyance to trustor's son held not demurrable for indefiniteness.**

Plaintiff trustor alleged that the *cestui que trust* agreed to purchase the property at the foreclosure sale of the deed of trust and to convey same to plaintiff's son, the *cestui* to receive from the son a deed of trust securing a note signed by the son, the plaintiff and plaintiff's brother, and the note to include certain items of indebtedness of the makers to the *cestui* not embraced in the original deed of trust. Defendant *cestui* demurred *ore tenus* for that the complaint failed to state the amount for which the note should be executed, its maturity date and interest rate, and failed to allege that plaintiff and other makers agreed to pay same upon maturity, and that the deed of trust agreed to be given would have to be foreclosed upon the nonpayment of the note upon its maturity. *Held:* The demurrer should have been overruled, since the complaint alleges the contract with sufficient definiteness as against the demurrer, and defendant's remedy being by motion to have the allegations made definite and certain, which motion, to be effective, must be made before demurring. N. C. Code, 537.

4. **Abatement and Revival B b—Plea in abatement on ground of pending action should have been overruled, the actions not being identical.**

In this action to recover damages for defendant *cestui's* breach of contract to buy in the property embraced in the deed of trust at the foreclosure sale and to convey a certain part thereof to plaintiff's son, it appeared that the *cestui* bought in the property at the sale and conveyed the entire tract to a stranger, and that in a prior action instituted by a third person involving the part of the tract not agreed to be reconveyed to plaintiff's son, plaintiff had intervened. Defendant filed a plea in abatement on the ground that there was a prior action pending between the same parties involving the same subject matter. *Held:* The plea in bar should have been overruled, since the actions involve separate tracts of land and the two actions are not identical for the purpose of the plea under the recognized tests.

APPEAL by plaintiff from *Grady, J.,* at September Civil Term, 1935, of DURHAM. Reversed.

This is an action for breach of contract instituted by plaintiff against defendant to recover damages. The plaintiff in his complaint alleges

that the defendant's agent, L. D. Kirkland, for and on behalf of defendant, made the following contract with plaintiff:

"That the defendant corporation did then and there, through its duly authorized agent, solemnly promise that they would order a sale of the land then remaining embraced in the deed of trust (22.95 acres), which had been put up by B. P. Bowling as collateral security; further, that the bank would buy the property in at the foreclosure sale; further, that they would make an exchange of deeds with a son of E. H. Bowling, giving a deed embracing 22.95 acres to said son and taking back a deed of trust on the entire 22.95-acre tract, along with a note of even date, said note to accompany the deed of trust and to be signed by E. H. Bowling, B. P. Bowling, and the son of E. H. Bowling; *Provided,* the said E. H. Bowling and the said B. P. Bowling refrain entirely from participation in the bidding at the foreclosure sale; *Provided further,* that said E. H. Bowling and B. P. Bowling refrain from having other financial backers or friends bid at the foreclosure sale for them; *Provided further,* that the amount of the note to be made upon the making of the deed by the bank and the surrender of the new deed of trust include: (1) an item of $660.97, which represented the amount remaining due on the note then held by the defendant, said note having been made by E. H. Bowling and wife, Mattie J. Bowling, to a branch bank of the defendant corporation, it being that certain instrument given for the Watts Street Church building fund and the security for which having been ample at the time of the loan, had at this time become worthless; (2) an item of $250.00, represented by a noted dated February, 1932, signed by E. H. Bowling and B. P. Bowling, for which no security had ever been given; further, that a second mortgage be given by the son of E. H. Bowling after the deed of trust had been given to the bank to take the place of the latter of the bank then in existence, promising B. P. Bowling that all over and above the amount owed the bank upon the foreclosure of the original B. P. Bowling deed of trust would be paid to the said B. P. Bowling; that to each and every one of these conditions the said E. H. Bowling did then and there agree on behalf of himself and as agent for B. P. Bowling, and did then and there faithfully promise for himself and as authorized agent of B. P. Bowling to fulfill each and every one of the conditions; that the said E. H. Bowling now alleges that he was then ready and willing to perform each and every act, and that he has always been ready and willing to carry out the refinancing agreement then and there entered into.

"That pursuant to the agreement entered into with the said Fidelity Bank, through its agent, L. D. Kirkland, said E. H. Bowling refrained from participation in the bidding on the sale which the bank ordered made by not attending the sale; that the said E. H. Bowling, informed

of the solemn agreement which he had made with the defendant for the refinancing of the property, and apprised the said B. P. Bowling of the mutual promises and considerations, whereupon the said B. P. Bowling did by word and deed ratify each and every part of the said agreement, and that he likewise relying upon the promises of the defendant was lulled to sleep and did not attend the sale.

"That shortly prior to 18 January, 1933, the defendant corporation, the Fidelity Bank of Durham, in open violation and absolute disregard of the fiduciary refinancing agreement made with the plaintiff E. H. Bowling, and the original debtor, B. P. Bowling, while the said E. H. Bowling and B. P. Bowling, in full reliance on the promises of the defendant were lulled to sleep, did, in collusion with Dr. N. M. Johnson, and in flagrant disregard of the rights of the plaintiff, order the trustee to sell the entire 32.6-acre tract, and in furtherance of their wrongful and collusory scheme, the said Fidelity Bank did, on 18 January, 1933, cause the foreclosure sale to be made, bidding the property in at a price ridiculously below its real value, and immediately after receiving the deed from the trustee, deeded the entire tract of 32.6 acres to the same Dr. N. M. Johnson who had declined to take title to the 9.65-acre tract, having given as his only reason some suggested error in the title, said deed for 32.6 acres being made to Dr. Johnson on or about 23 March, 1933, by deed recorded in Book of Deeds 108, page 428, in the office of the register of deeds of Durham County, all to the great damage, embarrassment, and grief of the said E. H. Bowling, the plaintiff in this cause.

"That the first time Dr. Bowling learned of the wrongful acts of the defendant corporation was upon his receiving a statement of the disbursements from the trustee and, upon being informed by the trustee, after the ten days allowed by law for making an increased bid had elapsed, that the bank had instructed him, the trustee, to sell the entire 32.6 acres; that, then learning of the breach of trust on the part of the bank for the first time, the plaintiff then and there went over and informed the bank's agent of the intention of seeking redress at law. . . .

"That the said property containing 22.95 acres, of which the plaintiff was wrongfully deprived, was and is now well worth $10,000, and that there was, on 18 January, 1933, and is now, located on said property an eight-room house to which the plaintiff and all his family had become greatly attached, a large amount of timber, and the trails and approaches to the river from the adjoining land of the plaintiff.

"Wherefore, the plaintiff prays: (1) That he have and recover of the defendant $10,000 for the damages incurred by the loss of the 22.95-acre tract of property, plus accrued interest since 18 January, 1933.

(2) That the cost of this action, to be taxed by the clerk, be recovered of the defendant. (3) That he have such other and further relief to which he may be entitled."

The defendant in its answer denied the contract as alleged by plaintiff, and set forth its version in detail of the transactions between the plaintiff and defendant. "And as a further answer and defense to the matters and things set out in said complaint, and as a bar to the further prosecution of this action, this defendant says: That there is another action pending between the plaintiff and it for the same cause of action set out and alleged in the complaint herein, to wit, an action pending in the Superior Court of Durham County, North Carolina, originally instituted by J. H. Bowen against this defendant and commenced by summons issued by the clerk of the Superior Court of Durham County, North Carolina, on 31 July, 1934, in which the plaintiff in this action, upon his own motion, was permitted to and did become a plaintiff and file a complaint therein on 22 November, 1934, to which reference is hereby expressly made for the ascertainment of the cause of action therein alleged. This defendant hereby pleads the pendency of said action in bar of the prosecution of this action, and of any recovery herein."

The defendant demurred *ore tenus* to the complaint, on the ground that the complaint does not state facts sufficient to constitute a cause of action, and set up as a plea in bar the pendency of another action between the same parties involving the same subject matter.

The judgment of the court below is as follows: "This cause coming on to be heard, and the defendant having entered a demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and having also demurred upon the ground that there is another action now pending in this court between the same parties and involving the same subject matter, and the complaint and answer in said action having been read to the court by counsel, and it having been admitted that the instant action was commenced after the institution of the former action, and the court being of opinion that the plaintiff cannot maintain this action; it is therefore considered, ordered, and adjudged and decreed that the demurrer be sustained. And it is further considered, ordered, and adjudged and decreed that the plea in bar in the defendant's action of the pendency of another action is sustained, and this action is dismissed. The costs in this action will be taxed against the plaintiff by the clerk of the court. Henry A. Grady, Judge presiding."

The plaintiff excepted and assigned error: (1) That the court below sustained the demurrer *ore tenus;* (2) sustaining defendant's plea in bar; (3) to the judgment as signed, and appealed to the Supreme Court.

*Egbert L. Haywood for plaintiff.*
*Fuller, Reade & Fuller for defendant.*

CLARKSON, J.   The *first* question involved: Was his Honor below correct in sustaining the defendant's demurrer *ore tenus* to the complaint upon the ground that said complaint did not state facts sufficient to constitute a cause of action?   We think not.

We think that the complaint alleges a contract made by defendant with plaintiff and a breach, in reference to refinancing the lien held by defendant on the 22.95 acres of land owned by plaintiff.   The contract also sets forth other conditions.   The plaintiff alleges that "he has always been ready and willing to carry out the refinancing agreement then and there entered into."   Plaintiff alleges "damages incurred by the loss of the 22.95-acre tract of property."

The defendant demurred *ore tenus* to the complaint "on the ground that the complaint does not state facts sufficient to constitute a cause of action; in that it is alleged in the complaint that the defendant entered into a contract to purchase the property therein referred to, to wit, 22.95 acres of land, at a sale to be made by G. T. McArthur, trustee, in the deed of trust herein referred to, and to convey it to a son of the plaintiff, and to take from him his note secured by a deed of trust upon said 22.95 acres, said note to bear the same date as said deed of trust and to be signed by the plaintiff, his brother, B. P. Bowling, and his son, and that it therefore appeared from the face of the complaint that if there was any breach by the defendant of a contract to sell said land it was a breach of contract to sell it to a son of the plaintiff, and not to the plaintiff.   In the second part of the demurrer the grounds in support of the statement that the complaint did not state facts sufficient to constitute a cause of action are that the complaint failed to allege the amount of money to be represented by the note which it was alleged that the defendant agreed it would take from a son of the plaintiff, and that it failed to allege any maturity date or rate of interest to be paid thereon, and that it failed to allege that if the son of the plaintiff should receive a deed from the defendant for said land and execute said note, that either he or the other makers or endorsers of said note would or could pay it when it became due, and that therefore there was no certainty that the plaintiff's son would have been able to retain said land and keep it, because if the note was not paid the land would be sold pursuant to the terms of the deed of trust to satisfy the indebtedness."

In McIntosh N. C. Practice & Procedure in Civil Cases, p. 361, it is said: "The failure to state a cause of action, to be objected to by demurrer *ore tenus,* must be a defective cause of action, and not a defective statement of a good cause of action."

In *Blackmore v. Winders,* 144 N. C., 212 (215-16), we find: "It may be said that a complaint cannot be overthrown by a demurrer unless it be wholly insufficient. If in any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn, or however uncertain, defective, or redundant may be its statements, for, contrary to the common-law rule, every reasonable intendment and presumption must be made in favor of the pleader. It must be fatally defective before it will be rejected as insufficient." N. C. Code, 1935 (Michie), sec. 535. *In re Trust Co.,* 207 N. C., 802.

We do not see how defendant is concerned about the property under the contract being conveyed to plaintiff's son. Plaintiff alleges that defendant agreed in the refinancing arrangement to convey to his son, and breached its agreement. Plaintiff was ready and willing to carry out his part of the agreement. Defendant cannot call to its aid its own alleged breach.

N. C. Code, 1935 (Michie), part sec. 537, is as follows: "When the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not present, the court may require the pleading to be made definite and certain by amendment."

The matter has been settled in this jurisdiction. In *Allen v. Railway Co.,* 120 N. C., 548 (550), it is thus stated: "When there is a defective cause of action, although in due form, the plaintiff cannot recover unless the court in its discretion, on reasonable terms, allows an amendment. When a good cause of action is set out, but defective in form, the court may require the pleadings to be made definite and certain by amendment. The Code, secs. 259 and 261 (N. C. Code, 1935 [Michie], secs. 534 and 537). For this purpose, however, the objector must move in apt time. It is too late after demurrer or answer. *Stokes v. Taylor,* 104 N. C., 394. This motion is addressed to the discretion of the court. *Conley v. Railroad,* 109 N. C., 692; *Smith v. Summerfield,* 108 N. C., 284. The court may *ex mero motu* direct the pleadings to be reformed. *Buie v. Brown,* 104 N. C., 335." *Ins. Co. v. Griffin,* 200 N. C., 251 (255).

The *second* question involved: Was his Honor correct in sustaining the defendant's plea in bar of an alleged similar action pending set up in the defendant's answer? We think not.

In *Bank v. Broadhurst,* 197 N. C., 365 (369-70), quoting from 1 C. J., p. 66, par. 83, we find: " 'Four leading tests have judicial sanction in determining whether or not the causes of action are the same for the purpose of abatement by reason of the pendency of a prior action: (1) "Clearly, in order to hold the subsequent suit to be necessary, it is an

essential prerequisite that the judgment in the former or prior action should be conclusive between the parties and operate as a bar to the second." (*Williams v. Gaston,* 148 Ala., 214, 216, 42 S., 552.) In other words, if a final judgment in the former suit would support a plea of *res adjudicata* in the subsequent suit, the suits were identical for this purpose; otherwise, they are not. (2) Many cases apply the following test: Was full and adequate relief obtainable in the prior action? If so, the second action was improperly brought and is abatable; if not, the objection will be overruled. This, as we shall see, is a generally recognized rule. (3) A test having the support of some of the cases is this: Will the same evidence support both actions? (4) A fourth test supported by English and Canadian authorities is: Could the bill in the second suit have been procured by a fair amendment of the first?' "

E. H. Bowling owned two tracts of land—total acreage 32.6. The present controversy concerns one, 22.95 acres. J. H. Bowen instituted an action against defendant for breach of contract in reference to the mill site, 9.65 acres, and plaintiff intervened in that cause. *Bowen v. Bank, ante,* 140. We see no such identity between the two actions as to base a plea of abatement.

For the reasons given, the judgment of the court below is

Reversed.