EDITH H. PAGE, PLAINTIFF-APPELLANT v. DALE M. MANDEL, M.D., DAVIDSON SURGI-
CAL ASSOCIATES, INC., DONALD R. BOSKEN, M.D., CHAIR CITY FAMILY PRAC-
TICE, P.A., CEDRIC R. DEANG, M.D., THOMASVILLE SURGICAL ASSOCIATES,
INC., COMMUNITY GENERAL HEALTH PARTNERS, INC. D/B/A COMMUNITY
GENERAL HOSPITAL, DEFENDANTS-APPELLEES

No. COA02-11

(Filed 19 November 2002)

**1. Civil Procedure— motion to dismiss—converted to motion
for more definite statement**

The trial court did not err by treating a motion to dismiss
under N.C.G.S. § 1A-1, Rule 12(b) as a motion for a more definite
statement under N.C.G.S. § 1A-1, Rule 12(e).

**2. Pleadings— vague allegations—amended complaint
required**

The trial court did not abuse its discretion by requiring
plaintiff to file a second amended complaint in a medical mal-
practice action where the court determined that plaintiff's al-
legations were not specific as to defendant Community Hospital
and that a more definite statement would be the way to remedy
this deficiency.

**3. Pleadings— order based on prior order—first order valid**

The trial court did not abuse its discretion in a medical mal-
practice action by dismissing an amended complaint based on
plaintiff's violation of an allegedly improper prior order for a
more definite statement. The first order did not result from an
abuse of discretion.

**4. Pleadings— sanctions—failure to consider lesser remedies**

The trial court abused its discretion in a medical malpractice
action by granting defendant-hospital's motion to dismiss an
amended complaint as a sanction for failing to comply with a
prior order without considering lesser sanctions.

PAGE v. MANDEL

[154 N.C. App. 94 (2002)]

Appeal by plaintiff from order dated 8 December 1999 by Judge Sanford L. Steelman, Jr. and order entered 16 February 2000 by Judge Mark Klass in Superior Court, Davidson County. Heard in the Court of Appeals 18 September 2002.

*The Law Office of Herman L. Stephens, by Herman L. Stephens, for plaintiff-appellant.*

*Wilson & Iseman, L.L.P., by G. Gray Wilson and Linda L. Helms, for defendants-appellees.*

McGEE, Judge.

This is an appeal by Edith H. Page (plaintiff) from an order requiring plaintiff to file a second amended complaint and an order striking and dismissing her first amended complaint for failure to comply with an order of the trial court to file a more definite statement. Plaintiff alleged in her complaint that on 10 March 1996 she was admitted by Donald Bosken, M.D. (Dr. Bosken) to Community General Hospital, owned by Health Partners, Inc. d/b/a Community General Hospital (Community General), allegedly suffering from diverticulitis. Three days later Cedric R. Deang, M.D. (Dr. Deang) conducted a consultation examination of plaintiff and diagnosed plaintiff as having diverticulitis. Dale M. Mandel, M.D. (Dr. Mandel) examined plaintiff on 13 March 1996, recommended immediate surgery, and performed surgery that day. Plaintiff remained a patient at Community General from 10 March 1996 until 26 March 1996.

Dr. Mandel saw plaintiff for follow-up visits in early April 1996. Plaintiff was readmitted to Community General on 9 April 1996 by Dr. Kerry A. Critin (Dr. Critin) of Davidson Surgical Associates, Inc. (Davidson Surgical) for colitis with intractable nausea, vomiting, diarrhea and pain. Plaintiff was discharged from Community General on 13 April 1996. Dr. Mandel saw plaintiff for another follow-up visit on 15 April 1996. Plaintiff alleged that on or about 20 April 1996 she had pain and swelling in her left leg, which she reported to Davidson Surgical on 22 April 1996 and was seen by Dr. Mandel the following day. Dr. Mandel determined plaintiff had acute deep vein thrombosis of the left leg. Plaintiff was again admitted to Community General. Plaintiff alleged that her deep vein thrombosis was "to a large extent a permanent condition."

Plaintiff alleged that defendants were negligent in not promptly performing surgery and in not administering prophylaxis for deep vein thrombosis during the period following her surgery until the

deep vein thrombosis manifested itself on or about 20 April 1996. Plaintiff further alleged that this delay and failure to provide care proximately caused injury to her.

Plaintiff filed a motion on 9 March 1999 seeking an order extending the statute of limitations in a medical malpractice action. The trial court granted plaintiff's motion, extending the statute of limitations to 8 July 1999. Plaintiff filed her complaint on 8 July 1999, seeking damages for alleged medical malpractice by defendants. A civil summons was also issued on 8 July 1999 and was served on defendant Community General on 14 July 1999. Pursuant to N.C. Gen. Stat § 1A-1, Rule 15(a), plaintiff filed an amended complaint on 10 September 1999. Defendants answered the amended complaint and moved to dismiss the amended complaint on 3 October 1999. On 6 December 1999 the trial court held a hearing on Community General's motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). In an order dated 8 December 1999, the trial court treated Community General's Rule 12(b)(6) motion to dismiss as a motion for more definite statement under N.C. Gen. Stat. § 1A-1, Rule 12(e), and ordered plaintiff to file a second amended complaint as to Community General within thirty days, alleging "specific acts of negligence of the defendant Community General . . . , whether these acts [were] based upon the conduct of agents of [Community General], and the basis for any [necessary] agency relationship." The trial court noted that the order would not prevent Community General from challenging the second amended complaint by a Rule 12(b)(6) motion.

Community General filed a motion to strike and dismiss plaintiff's amended complaint on 19 January 2000 pursuant to N.C.G.S. § 1A-1, Rules 12(b)(6) and 12(e). However, in its motion Community General only argued for dismissal on the basis of a violation of the trial court's order pursuant to Rule 12(e). Community General based its motion on the fact that thirty days had elapsed since entry of the order directing plaintiff to file a second amended complaint within thirty days as to Community General, and plaintiff had failed to do so. The trial court entered an order on 16 February 2000, granting Community General's motion to strike and dismiss with prejudice plaintiff's amended complaint. Plaintiff appealed from both the 8 December 1999 order and the 16 February 2000 order.

In an order dated 20 December 2001, the trial court settled the record on appeal. The order excluded plaintiff's proposed second amended complaint. In refusing to allow the second amended complaint to be included in the record on appeal, the trial court stated

that plaintiff proffered to the court her proposed second amendment to complaint for the first time at the hearing on [Community General's] motion to strike and dismiss plaintiff's amended complaint on February 7, 2000, that [Community General] objected to the court's consideration of the proposed second amendment to complaint, and that plaintiff's proposed second amendment to complaint was not accepted or considered by the court due to the fact that it was not timely filed in accordance with the prior order of the court entered December 8, 1999.

## I.

**[1]** Plaintiff argues in her second assignment of error that the trial court erred in its 8 December 1999 order by treating Community General's motion to dismiss as a motion for more definite statement under N.C.G.S. § 1A-1, Rule 12(e). A trial court may, in the appropriate case, treat a motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b) as a motion for a more definite statement under N.C.G.S. § 1A-1, Rule 12(e). *See Manning v. Manning*, 20 N.C. App. 149, 154, 201 S.E.2d 46, 50 (1973). The trial court in this case cited *Manning* in its 8 December 1999 order treating the motion to dismiss as a motion for more definite statement.

This rule is consistent with the ability our courts have traditionally enjoyed of seeking a more definite statement *ex mero motu. See, e.g., Bowling v. Bank*, 209 N.C. 463, 184 S.E. 13 (1936); *Hutchins v. Mangum*, 198 N.C. 774, 153 S.E. 409 (1930); *Buie v. Brown*, 104 N.C. 335, 10 S.E. 465 (1889); *see also Umstead v. Durham Hosiery Mills, Inc.*, 578 F. Supp. 342, 344 (M.D.N.C. 1984) (denying the defendant's motion to dismiss but requiring, *sua sponte*, the plaintiff to file a more definite statement pursuant to Rule 12(e)). The rule is also consistent with the practice of federal courts under the analogous federal rule. *See Beanal v. Freeport-McMoRan, Inc.*, 969 F. Supp. 362, 367 (E.D. La. 1997) ("The court may treat a Rule 12(b)(6) dismissal motion as a motion for a more definite statement, even if the motion is not so styled."), *affirmed*, 197 F.3d 161 (5th Cir. 1999); *Forti v. Suarez-Mason*, 672 F. Supp. 1531, 1541 (N.D. Cal. 1987) ("The Court may treat a Rule 12(b)(6) dismissal motion as a Rule 12(e) motion for a more definite statement."), *reconsideration granted in part on other grounds*, 694 F. Supp. 707 (N.D. Cal. 1988); *In re Sugar Industry Antitrust Litigation*, 73 F.R.D. 322, 350 (E.D. Pa. 1976) ("[T]he Court may consider *sua sponte* plaintiffs' motion to dismiss under Rule 9(b) as a motion for a more definite statement.") (citations omitted); 5A Charles Alan Wright & Arthur R. Miller, *Federal*

*Practice & Procedure* § 1378 (2d ed. 1990). While we are clearly not bound by decisions from federal courts concerning their rules of procedure when deciding cases concerning application of the North Carolina Rules of Civil Procedure, such decisions are often instructive in reaching our own decisions. *Turner v. Duke University*, 325 N.C. 152, 164, 381 S.E.2d 706, 713 (1989). We hold that the trial court did not err in its 8 December 1999 order by treating Community General's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b) as a motion for more definite statement under N.C.G.S. § 1A-1, Rule 12(e). Plaintiff's second assignment of error is overruled.

## II.

[2] Plaintiff argues in her third assignment of error that the entry of an order requiring plaintiff to file a second amended complaint pursuant to N.C.G.S. § 1A-1, Rule 12(e) was an abuse of the trial court's discretion. As plaintiff admits in her assignment of error, a trial court's grant or denial of a motion for more definite statement is subject to review only for an abuse of discretion. *Ross v. Ross*, 33 N.C. App. 447, 454, 235 S.E.2d 405, 410 (1977). An abuse of discretion occurs only when "a decision is 'manifestly unsupported by reason' or 'so arbitrary that it could not have been the result of a reasoned decision.'" *Frost v. Mazda Motors of Am., Inc.*, 353 N.C. 188, 199, 540 S.E.2d 324, 331 (2000) (quoting *Little v. Penn Ventilator Co.*, 317 N.C. 206, 218, 345 S.E.2d 204, 212 (1986) (citations omitted)). In the present case, the trial court determined that plaintiff's allegations were not specific as to Community General's alleged negligence and agency relationship. Plaintiff failed to allege specific acts of negligence by Community General or its employees in her complaint. Plaintiff referred to Community General only in her general references to the negligence of the collective "defendants." In actuality these references are nothing more than reiterations of the specific acts of negligence plaintiff alleged certain physician defendants committed, with no allegation of how these acts can be attributed to Community General. The trial court determined that a motion for a more definite statement would be the appropriate means for allowing plaintiff to remedy this deficiency in her complaint. We cannot say that this decision was " 'manifestly unsupported by reason.' " *Frost*, 353 N.C. at 199, 540 S.E.2d at 331 (quoting *Little*, 317 N.C. at 218, 345 S.E.2d at 212 (citations omitted)). We hold that the trial court did not abuse its discretion in granting Community General's converted motion for a more definite statement. Plaintiff's third assignment of error is overruled.

III.

**[3]** In her fourth assignment of error plaintiff argues that the trial court erred in its 16 February 2000 order in striking and dismissing her amended complaint against Community General based on plaintiff's violation of the 8 December 1999 order granting Community General's converted motion for a more definite statement. Plaintiff correctly asserts that no valid order can be based on violation of another order which is itself invalid. *See Collins v. Collins*, 18 N.C. App. 45, 51, 196 S.E.2d 282, 286 (1973). However, as we have already determined, the 8 December 1999 order granting Community General's converted motion for a more definite statement was valid and not an abuse of the trial court's discretion. Therefore, we overrule plaintiff's fourth assignment of error.

IV.

**[4]** In her fifth assignment of error, plaintiff argues that the trial court's grant of Community General's 19 January 2000 motion to strike and dismiss plaintiff's amended complaint was an abuse of discretion. Plaintiff contends that the trial court dismissed her amended complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b) for failure to comply with a court order. As plaintiff points out, under N.C.G.S. § 1A-1, Rule 41(b), a "dismissal is the most severe sanction available" and should only be imposed "when lesser sanctions are not appropriate to remedy" the situation. *Wilder v. Wilder*, 146 N.C. App. 574, 575-76, 553 S.E.2d 425, 426-27 (2001). Plaintiff argues that the trial court did not consider lesser sanctions before striking and dismissing her amended complaint, thereby abusing its discretion. *See id.*

Community General counters that the trial court struck and dismissed plaintiff's amended complaint under N.C.G.S. § 1A-1, Rule 12(e), not under N.C.G.S. 1A-1, Rule 41(b). Community General argues that the requirement to consider less severe sanctions does not apply in this case since the trial court entered its order under N.C.G.S. § 1A-1, Rule 12(e), instead of N.C.G.S. § 1A-1, Rule 41(b).

Plaintiff argues that a trial court cannot dismiss a complaint as a sanction for failing to timely file a motion for more definite statement, unless there is a showing that plaintiff acted with "deliberate or contumacious disregard of the court's authority, bad faith, gross indifference, or deliberate callous conduct." *See Sazima v. Chalko*, 712 N.E.2d 729, 734-35 (Ohio 1999); *Clay v. City of Margate*, 546 So.2d 434, 435-36 (Fla. Ct. App. 4th), *review denied*, 553 So.2d 1164 (1989).

However, plaintiff has cited no authority from our State courts stating such a rule. Additionally, the case law from other jurisdictions that plaintiff cites actually stands for the contention that if the factors plaintiff enumerated are not present in a case, a trial court should consider lesser sanctions before dismissing the case. *See Sazima*, 712 N.E.2d at 735. *Sazima* and *Clay* do not stand for the proposition that a trial court can never dismiss a case unless the factors plaintiff enumerated are present. *See Thompson v. Johnson*, 253 F.2d 43, 43 (D.C. Cir. 1958) (per curiam) (finding trial court committed no error in dismissing the appellant's case where after time to comply with order to file a more specific and definite complaint had expired, the appellees filed their timely motion to dismiss the original complaint, and the appellants filed an amended complaint two months later).

In the present case, the trial court struck and dismissed plaintiff's amended complaint as to Community General after plaintiff failed to file a second amended complaint within the thirty-day time period mandated in the trial court's 8 December 1999 order. In the interim, between the expiration of the thirty-day period and the time Community General filed its motion to strike and dismiss, plaintiff offered no explanation for this failure and did not attempt to file the required second amended complaint. Even after Community General filed its motion to strike and dismiss on 19 January 2000 plaintiff did not immediately respond with either an explanation or a second amended complaint. It was only on the day of the hearing on the motion to strike and dismiss, being almost another thirty days after the time had expired to file the second amended complaint, that plaintiff presented the requested second amended complaint. At that time the trial court refused to accept the second amended complaint due to plaintiff's tardiness. The trial court struck and dismissed plaintiff's amended complaint against Community General.

Examining the record, there is no indication that the trial court considered less severe sanctions before striking and dismissing plaintiff's amended complaint for failure to timely file her second amended complaint. We must therefore determine whether a trial court can dismiss a complaint for failure to timely respond to a court's order for more definite statement without considering lesser sanctions.

Dismissals in general are viewed as the harshest of remedies in a civil case and should not be imposed lightly. *See Wilder*, 146 N.C. App. at 576, 553 S.E.2d at 427 ("Dismissal is the most severe sanction available to the court in a civil case.") (citing *Daniels v. Montgomery Mut.*

*Ins. Co.*, 81 N.C. App. 600, 604, 344 S.E.2d 847, 849 (1986)); *Foy v. Hunter*, 106 N.C. App. 614, 619, 418 S.E.2d 299, 303 (1992) (noting that the " 'drastic sanction of dismissal' is not always the best sanction" to impose) (citations omitted). In *Goss v. Battle*, our Court noted that even though various statutory provisions that provide dismissal as an appropriate sanction do not expressly require a trial court to consider lesser sanctions before ordering a dismissal, these provisions have been interpreted to include such a requirement. 111 N.C. App. 173, 176, 432 S.E.2d 156, 158-59 (1993) (citing N.C.G.S. § 1A-1, Rule 41(b) and N.C. Gen. Stat. § 1-109). In *Goss*, we extended the requirement to consider lesser sanctions to dismissals pursuant to N.C. Gen. Stat. § 1A-1, Rule 37(d) for failure to respond to discovery. *Goss* at 177, 432 S.E.2d at 159; *see also Atlantic Veneer Corp. v. Robbins*, 133 N.C. App. 594, 599, 516 S.E.2d 169, 173 (1999) (noting that upon dismissal for failure to comply with discovery request under N.C.G.S. § 1A-1, Rule 37, "the trial court indicated in its order, as it must, that it considered less severe sanctions") (citation omitted); *Triad Mack Sales & Service, Inc. v. Clement Bros. Co.*, 113 N.C. App. 405, 409, 438 S.E.2d 485, 488 (1994) (holding that striking of the defendant's pleading and entering default against defendant pursuant to N.C.G.S. § 1A-1, Rule 37 was not an abuse of discretion because, *inter alia*, "the order reflects that less severe sanctions were considered by the trial court and rejected as inappropriate") (citation omitted).

In *Wilder*, our Court discussed whether the requirement to consider lesser sanctions, that had traditionally been applied to involuntary dismissals under Rule 41(b) for failure to comply with an order of the court, should be extended to Rule 41(b) dismissals for failure to prosecute. 146 N.C. App. 574, 553 S.E.2d 425 (2001). In *Wilder*, we stated that

[b]ecause we believe that the cases on Rule 41(b) point most logically in this direction, we hold that the trial court must also consider lesser sanctions when dismissing a case pursuant to Rule 41(b) for failure to prosecute.

We reach this conclusion for two reasons. First, from the cases involving dismissals under Rule 41(b), we can discern no reason to treat a dismissal for failure to prosecute different from dismissals for other reasons permitted by Rule 41(b), when the question is whether lesser sanctions suffice. And second, because the cases concerning dismissal under Rule 41(b), few though they are, appear to compel this conclusion.

*Id.* at 576, 553 S.E.2d at 426 (emphasis omitted). After noting the level of severity inherent in a trial court's decision to dismiss a party's case whether for failure to comply with a court order or for failure to prosecute a case, our Court saw no reason to treat the two types of cases under Rule 41(b) differently, given the identical result in both situations. *Id.* Likewise, we see no reason to impose the requirement to consider lesser sanctions on some types of involuntary dismissals and not on others.

Given the identical result in cases where the trial court imposes involuntary dismissal as a sanction, irrespective of the authority under which the trial court is acting, we hold that the trial court must at least consider lesser sanctions before imposing dismissal as a sanction in a civil case pursuant to N.C.G.S. § 1A-1, Rule 12(e) or Rule 41(b). In reaching this conclusion, we understand the trial court's frustration and its ultimate decision to strike and dismiss plaintiff's amended complaint with prejudice in the present case. However, since there is no evidence in the record that the trial court considered lesser sanctions in the present case, we must vacate the trial court's order of 16 February 2000 and remand the case for a determination of whether lesser sanctions are appropriate in this case.

We have reviewed plaintiff's remaining assignment of error and find it to be without merit.

We affirm the 8 December 1999 order of the trial court. We vacate the 16 February 2000 order of the trial court and remand for a determination of whether lesser sanctions are appropriate.

Affirmed in part; vacated and remanded in part.

Judges WALKER and HUNTER concur.