Gillespie v. Majestic Transp., Inc., 2017 NCBC 43.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF CABARRUS | 16 CVS 324 |

JAMES FRANKLIN GILLESPIE, and GILLESPIE'S MOTOR FREIGHT, a NC General Partnership,

        Plaintiff,

    v.

MAJESTIC TRANSPORT, INC., ENRIQUE URQUILLA, and JANETH BERMUDEZ

        Defendants.

**OPINION AND ORDER ON DEFENDANTS' MOTIONS FOR DISCOVERY SANCTIONS**

THIS MATTER comes before the Court on Defendants Majestic Transport, Inc., Enrique Urquilla, and Janeth Bermudez's ("Defendants") Rule 37 Motion for Sanctions, filed on December 19, 2016 ("Motion for Sanctions"), Defendants' Motion to Compel and for Sanctions, filed on December 22, 2016 ("December 2016 Motion to Compel"), and Defendants' Response to Plaintiff's March 23, 2017 Filing ("Defendants' Response") (collectively, Defendants' motions and response are referred to as "Defendants' Motions"), each of which seek dismissal of Plaintiff James Franklin Gillespie's[1] ("Gillespie") claims because of his repeated failures to comply with the Court's orders regarding discovery and other matters and Gillespie's failure to respond to Defendants' interrogatories.

---

[1] In the Second Amended Complaint, Plaintiff James Franklin Gillespie purported to raise claims both in his individual capacity and on behalf of the partnership, Gillespie Motor Freight ("GMF"). As discussed below, the claims on behalf of GMF were dismissed. In addition, Mr. Gillespie is now representing himself pro se in this case. Accordingly, the Court will refer to Plaintiff James Franklin Gillespie as "Gillespie" herein.

THE COURT, having considered Defendants' Motions, the proceedings to date in this matter, and other appropriate matters of record, FINDS and CONCLUDES that the Defendants' Motions should be GRANTED, in part, and DENIED, in part, for the reasons set forth below.

A. *Factual and Procedural Background.*

1. The factual background and a portion of the procedural background of this case are set out in the Court's September 12, 2016 Order on Motion to Dismiss. Only the additional procedural background necessary for an understanding of this Opinion and Order are set out herein.

2. On September 12, 2016, the Court entered an Order on Motion to Dismiss. The Court denied Defendants' motion to dismiss Gillespie's individual claims against Defendants. Gillespie's claims on behalf of the partnership, GMF, were dismissed upon Gillespie's failure to meet certain conditions contained in the Order on Motion to Dismiss.

3. On October 14, 2016, Defendants filed a Motion to Compel and for Sanctions ("October 2016 Motion to Compel") regarding Plaintiff's responses to Defendants' first requests for production of documents ("Defendants' Requests"). On November 3, 2016, Plaintiff, through counsel, filed a response in opposition to the October 2016 Motion to Compel.

4. On November 15, 2016, Plaintiff's counsel, John F. Scarbrough, James E. Scarbrough, and the law firm of Scarbrough & Scarbrough, PLLC's (collectively,

"Scarbrough") filed a Consent Motion to Withdraw as counsel in which they represented that Gillespie had consented to their withdrawal.

5. On November 17, 2016, the Court entered an order granting the Consent Motion to Withdraw ("Order on Withdrawal"). In the Order on Withdrawal, the Court required that "on or before December 15, 2016, Mr. Gillespie shall report to the Court regarding his efforts to retain a new attorney to represent him in this action." Gillespie failed to make the required report, and new counsel has not made an appearance for Gillespie.

6. On November 30, 2016, the Court entered an Order on the October 2016 Motion to Compel. ("November 30, 2016 Order"). The November 30, 2016 Order directed Gillespie to "provide supplemental responses to Defendants' Requests nos. 3–7, 9, 11–20, and 22 stating the specific documents that have been produced in response to each of the specific requests, and stating whether the documents produced in response to each of the specific requests are the only responsive documents currently in Plaintiffs' possession and control." The November 30, 2016 Order also required Gillespie to provide a privilege log identifying any documents withheld from production on the basis of privilege. Gillespie was required to make the production and provide the privilege log "on or before ten (10) days following the filing or an appearance by new counsel for [Gillespie]." The Order also granted Defendants' request for attorneys' fees pursuant to North Carolina Rule of Civil Procedure 37(a)(4) ("Rule(s)") and directed Defendants' counsel to file an affidavit regarding the amount of fees.

7. New counsel did not appear for Gillespie, and Gillespie did not make the ordered supplemental production or provide the privilege log required by the November 30, 2016 Order.

8. On December 2, 2016, Defendants filed an Affidavit in Support of Attorneys' Fees seeking $1,486.88 in fees and costs incurred in obtaining the November 30, 2016 Order. ("Affidavit in Support of Fees"). The Court has not yet made an award of attorneys' fees.

9. On December 19, 2016, Defendants filed the Motion for Sanctions contending Gillespie failed to comply with the November 30, 2016 Order. The Motion for Sanctions sought an order dismissing Gillespie's claims with prejudice, striking the allegations in the Second Amended Complaint, or holding Gillespie in contempt of Court. Defendants also sought an award of $770.00 in attorneys' fees incurred in pursuing the Motion for Sanctions. Defendants' counsel filed an affidavit in support of the requested attorneys' fees. Gillespie did not respond to the Motion for Sanctions.

10. On December 22, 2016, Defendants filed the December 2016 Motion to Compel contending that Gillespie had not responded or objected to Defendants' first set of interrogatories served on Gillespie on November 2, 2016. The December 2016 Motion to Compel sought an order compelling Gillespie to respond to Defendants' interrogatories "and for such other sanctions, including complete dismissal of [Gillespie's] action. . . that the Court deems just." (Dec. 2016 Mot. to Compel 2.) The December 2016 Motion to Compel also requested an award of $385.00 in attorneys'

fees. Defendants' counsel filed an affidavit in support of the requested attorneys' fees. Gillespie did not respond to the December 2016 Motion to Compel.

11. In light of Gillespie's failure to respond to the pending motions and failure to abide by the Court's orders, the Court issued a Notice of Hearing requiring Gillespie to appear on January 20, 2017, and show cause why the Second Amended Complaint should not be dismissed.

12. On January 20, 2017, the Court held a hearing ("the Hearing"). Gillespie appeared pro se at the Hearing. Gillespie admitted he received the Order on Withdrawal, but claimed he "forgot" to make a report to the Court by the December 15, 2016 deadline. Gillespie also admitted that following Scarbrough's withdrawal, Gillespie had refused to participate in the Court-mandated mediation to which Scarbrough had agreed and scheduled. Gillespie had no explanation for his failure to comply with the November 30, 2016 Order, respond to Defendants' interrogatories, or respond to Defendants' motions other than to contend that, without legal representation, he did not understand his obligations. Finally, Gillespie informed the Court that he did not intend to represent himself pro se in this matter and requested additional time to hire an attorney.

13. On January 23, 2017, the Court issued an Order ("January 2017 Order"). The January 2017 Order provided in relevant part as follows:

> The Court desires to provide Gillespie with a final opportunity to retain counsel to represent him. Therefore, the Court elects not to dismiss Gillespie's Second Amended Complaint at this time. Gillespie shall have until 5:00 p.m. on February 15, 2017, to retain counsel and have that counsel enter an appearance on his behalf

with this Court. In addition, the parties shall not conduct discovery or file motions until February 16, 2017, and all current case deadlines shall be postponed until further order of the Court. . . . In the event that new counsel does not make an appearance, the Court will summarily dismiss his Complaint without prejudice.

14. On February 15, 2017, Gillespie filed a request to proceed pro se in this matter on the grounds that "it has been impossible to retain new legal counsel," and that he had "elected to represent himself in matters of this case so that no further delays occur." (Mot. to Proceed Pro Se 1.)

15. On February 17, 2016, the Court issued an Order ("February 2017 Order") granting Gillespie's request to proceed pro se. The February 2017 Order also required Gillespie, on or before March 8, 2017, to file with the Court and serve on Defendants any responses he intended to file to the Affidavit in Support of Fees, Motion for Sanctions, and December 2016 Motion to Compel. The February 2017 Order also required Gillespie to attend and participate in a mediated settlement conference, at a time and place to be selected by Defendants on or before March 31, 2017.[2] The Court noted that, should Gillespie fail to abide by its Order, it would consider "appropriate sanctions up to and including dismissal of Gillespie's claims."

16. On March 7, 2017, Gillespie hand-delivered documents to Defendants' counsel and mailed documents to the Court. ("Gillespie's March 7, 2017 Response"). Apparently intended as a response to the February 2017 Order, the documents did not include responses to the Affidavit in Support of Fees or the Motion for

---

[2] Defendants' counsel has informed the Court that Gillespie attended and participated in the mediation. The report from the mediator indicates that the mediation resulted in an impasse between the parties.

Sanctions. Gillespie also did not respond to the December 2016 Motion to Compel or attempt to provide responses to Defendants' first set of interrogatories. Instead, Gillespie purported to provide the document production and responses required by the November 30, 2016 Order.

17. On March 23, 2017, Defendants filed Defendants' Response. Defendants contend that only 7 pages of Gillespie's March 7, 2017 Response were new or additional documents that had not already been produced. Defendants' Response again sought an order dismissing Gillespie's claims with prejudice, striking the allegations in the Second Amended Complaint, or holding Gillespie in contempt of Court. Defendants' Response also requested an award of $960.00 in attorneys' fees for time spent reviewing Gillespie's March 7, 2017 Response and preparing Defendants' Response. Defendants' counsel filed an affidavit in support of the requested attorneys' fees.

B. *Analysis*

18. Defendants' Motions seek an order sanctioning Gillespie by: (1) dismissing Gillespie's action with prejudice, (2) striking all of the allegations of the Second Amended Complaint, or (3) holding Gillespie in contempt of Court. Defendants also request attorneys' fees and costs as follows: $1,486.88 incurred in pursuing the October 2016 Motion to Compel; $770.00 incurred in pursuing the Motion for Sanctions; $385 incurred in pursuing the December 2016 Motion to Compel; and $960.00 incurred in reviewing Gillespie's March 7, 2017 Response and preparing Defendants' Response.

i.  Sanctions.

19.  Rule 37 authorizes a court in which an action is pending, upon motion, to issue an order compelling a party to provide responses to interrogatories and requests for production of documents. Such sanctions can include: "[a]n order striking out pleadings or parts thereof. . . or dismissing the action or proceeding or any part thereof. . . against the disobedient party." Rule 37(b)(2)(c). A court may impose the same sanctions for failure "to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories." The decision to impose sanctions under Rule 37 is within the sound discretion of the trial court. *Baker v. Charlotte Motor Speedway, Inc.*, 180 N.C. App. 296, 299, 636 S.E.2d 829, 831–32 (2006).

20.  The Court need not find "willful" conduct in order to impose any of the sanctions allowed by Rule 37. *Henderson v. Wachovia Bank of N.C., N.A.*, 145 N.C. App. 621, 629, 551 S.E.2d 464, 470 (2001). Similarly, the party seeking Rule 37 sanctions need not show prejudice resulting from sanctionable conduct. *Clark v. Penland*, 146 N.C. App. 288, 291, 552 S.E.2d 243, 245 (2001) (citation omitted).

21.  In addition to the authority provided by Rule 37, trial courts also have inherent authority "to do all things that are reasonably necessary for the proper administration of justice." *Beard v. N.C. State Bar*, 320 N.C. 126, 129, 357 S.E.2d 694, 696 (1987). Included under the Court's broad authority to sanction non-compliant parties is the power to dismiss an action for plaintiff's repeated failures to obey the court's orders. *See Patterson v. Sweatt*, 146 N.C. App. 351, 358–59, 553

S.E.2d 404, 409–10 (2001) (affirming dismissal of action with reasonable costs and attorneys' fees for, *inter alia*, multiple violations of court orders on discovery).

22. The Court of Appeals has upheld dismissal of an action to be an appropriate sanction under Rule 37 both for failure to obey a discovery order and failure to respond to interrogatories. *See, e.g., Hursey v. Homes by Design*, 121 N.C. App. 175, 179, 464 S.E.2d 504, 507 (1995); *Cheek v. Poole*, 121 N.C. App. 370, 374–75, 465 S.E.2d 561, 564 (1996); *Lincoln v. Grinstead*, 94 N.C. App. 122, 124–25, 379 S.E.2d 671, 672–73 (1989). The Court, however, must consider lesser sanctions prior to dismissing an action or striking claims, counterclaims, or defenses and must weigh the circumstances of each case and choose a sanction that properly takes into account the severity of a party's disobedience. *Clawser v. Campbell*, 184 N.C. App. 526, 531, 646 S.E.2d 779, 783 (2007) (citations omitted); *see Page v. Mandel*, 154 N.C. App. 94, 102, 571 S.E.2d 635, 640 (2002) (holding trial court must consider lesser sanctions when dismissing claims regardless of authority trial court uses to impose sanction of dismissal).

23. In this case, Gillespie has repeatedly failed to comply with the Court's orders and to respond to Defendants' discovery requests. The Court has given Gillespie multiple opportunities to comply with its orders and produce requested discovery and he has failed to do so. The Court also has warned Gillespie in multiple prior orders that his failure to comply with the Court's orders could result in sanctions up to and including dismissal of his claims in this lawsuit.

24.     In addition, while it is not necessary that Defendants have been prejudiced by Gillespie's conduct for the Court to dismiss this action, as Defendants aptly point out:

> Discovery drives litigation. Without a complete participation in the process the complying party is at a complete disadvantage. Not only do they incur additional costs for defending the action in which they deny the allegations, but (*sic*) they are also unable to prepare for dispositive motions and trial.

(Defendants' Response ¶ 13.) Defendants have been hampered in defending this case, and have incurred significant additional expense, because of Gillespie's conduct. *Out of the Box Developers, LLC v. LogicBit Corp.*, 2014 NCBC LEXIS 7, *8 (N.C. Super. Ct. March 20, 2014) (Although "the party seeking Rule 37 sanctions need not show prejudice resulting from the sanctionable conduct," such prejudice can "influence [the] court's discretion in determining the appropriate sanction.

25.     The Court is not unsympathetic to Gillespie's current status as an unrepresented litigant, but notes that he consented to withdrawal of his counsel in this case. Gillespie also was provided with more than a reasonable amount of time to retain new counsel, but failed to do so. Ultimately, an individual who chooses to represent himself in the civil courts of our State must abide by the orders of those courts and by rules of procedure applicable to civil proceedings. *See, e.g.*, *McCaul v. Quinones*, C.A. No. 7:15-cv-00314, 2016 U.S. Dist. LEXIS 125369, *5 (W.D. Va. Sept. 14, 2016) ("[A] *pro se* litigant is not exempt from complying with relevant rules of procedural and substantive law or the notion of fair play. A *pro se* litigant is not entitled to special consideration to excuse a failure to follow a straightforward

procedural requirement that a lay person can comprehend as easily as a lawyer"; citations omitted); *Burgess v. Am. Express Co.*, 2007 NCBC 16, 19, 2007 NCBC LEXIS 16, *6 (N.C. Super. Ct. May 21, 2007) ("The Court declines to excuse Burgess from complying with this Court's rules merely because he is *pro se*"; citing *Bledsoe v. County of Wilkes,* 135 N.C. App. 124, 125, 519 S.E.2d 316, 317 (1999)). Nevertheless, since Gillespie has not had assistance of counsel since Scarbrough withdrew, and the Court believes this probably has hampered his ability to comply with court rules and orders, any dismissal of this action shall be without prejudice.

26. Finally, the Court has carefully considered the available sanctions for the types of conduct engaged in by Gillespie, and whether sanctions less severe than dismissal would be adequate given the seriousness of that conduct, and concludes that sanctions other than dismissal would be inadequate under the circumstances.

27. Plaintiff did not oppose the Motion for Sanctions and December 2016 Motion to Compel, and, in the Court's discretion, those motions should be GRANTED, and Gillespie's claims in this action should be dismissed without prejudice.

28. In addition, the Court finds, in its discretion, that Defendants' request for dismissal of Gillespie's claims in this action in Defendants' Response should be GRANTED, and, for this independent reason, Gillespie's claims in this action should be dismissed with prejudice.

ii.  Attorneys' Fees.

29.  Rule 37(a)(4) provides that, if a motion to compel is granted, the Court shall require the party "whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Rule 37(a)(4). An award of attorneys' fees when a motion to compel is granted is mandatory under Rule 37(a)(4) absent such findings.  *Benfield v. Benfield,* 89 N.C. App. 415, 422, 366 S.E.2d 500, 504 (1988).

30.  In addition, it is "within the inherent power of the trial court to order plaintiff to pay defendant's reasonable costs including attorney's fees for failure to comply with a court order." *Daniels v. Montgomery Mut. Ins. Co.,* 320 N.C. 669, 674, 360 S.E.2d 772, 776 (1987).

31.  The Court concludes that Gillespie has failed to demonstrate that his opposition to Defendants' Motions, or his failure to comply with his discovery obligations or this Court's various orders, was substantially justified.

32.  The Court further concludes that Gillespie has failed to demonstrate any reason why an award of fees and expenses to Defendants is unjust in the circumstances presented here.

33.  In support of an award of attorneys' fees, a trial court must make "findings of fact supported by competent evidence concerning the time and labor expended, skill required, customary fee for like work, and experience or ability of

the attorney based on competent evidence." *Perry v. GRP Fin. Servs. Corp.*, 196 N.C. App. 41, 52, 674 S.E.2d 780, 787 (2009) (citing *Parker v. Hensley,* 175 N.C. App. 740, 742, 625 S.E.2d 182, 184 (2006)).

a. *October 2016 Motion to Compel.*

34. The Court already has concluded that Defendants are entitled to an award of their attorneys' fees incurred in pursuing the October 2016 Motion to Compel. Defendants' counsel submitted an affidavit in support of the requested fees that contained detailed billing records showing Defendants' counsel expended 4.6 hours of time in pursuing the October 2016 Motion to Compel. The detailed billing records establish that the amount of time spent by Defendants' counsel in pursuing the October 2016 Motion to Compel was necessarily and reasonably incurred.

35. Defendants' Counsel charged a rate of $275.00/hour for this work, the hourly rate agreed upon with Defendants in Defendants' counsel's representation agreement. Defendants' counsel is an experienced civil litigation attorney with a focus on business law, and the Court concludes that the skill needed to perform the services involved in pursuing the October 2016 Motion to Compel required an attorney with such experience. The Court is familiar with the rates charged by civil litigation attorneys in the Charlotte market and concludes that $275/hour is well within the rates charged by comparably experienced and skilled counsel for similar work. Accordingly, the Court concludes, in its discretion, that Defendants' counsel is entitled to an award of $1,265.50 (4.6 hrs. x $275.00) in attorneys' fees for pursuit of the October 2016 Motion to Compel.

36. Defendants also seek an award of $221.88 for the cost of having an outside vendor scan the documents into a digital format. Defendants contend this charge was necessary because the documents produced by Gillespie were disorganized. The Court concludes that the charge for scanning the documents into a digital format was not reasonably necessary to Defendants' pursuit of the October 2016 Motion to Compel. Accordingly, the Court, in its discretion, denies this requested cost.

b. *Motion for Sanctions and December 2016 Motion to Compel.*

37. Defendants also are entitled to an award of attorneys' fees pursuant to Rule 37(b)(2) incurred in the successful pursuit of the Motion for Sanctions, and under Rule 37(d) for successful pursuit of the December 2016 Motion to Compel. In addition, the Court concludes, in its discretion, and pursuant to its inherent authority, that Defendants are entitled to an award of attorneys' fees for Gillespie's failure to obey the November 30, 2016 Order.

38. Defendants seek an award of $770.00 in attorneys' fees for time expended on the Motions for Sanctions. Defendants' counsel submitted an affidavit in support of the requested fees that contained detailed billing records showing Defendants' counsel expended 2.8 hours of time in pursuing the Motion for Sanctions. The detailed billing records establish that the amount of time spent by Defendants' counsel in pursuing the Motion for Sanctions was necessarily and reasonably incurred. Defendants' counsel charged the same $275.00/hour that the Court already has determined to be reasonable in these circumstances. In addition,

the Court concludes that the skill needed to perform the services involved in pursuing the Motion for Sanctions required an attorney of Defendants' counsel's experience. Accordingly, the Court concludes, in its discretion, that Defendants' Counsel is entitled to an award of $770.00 (2.8 hrs. x $275.00) in attorneys' fees for pursuit of the Motion for Sanctions.

39. Defendants seek an award of $385.00 in attorneys' fees for time expended on the December 2016 Motion to Compel. Defendants' counsel submitted an affidavit in support of the requested fees that contained detailed billing records showing Defendants' counsel expended 1.4 hours of time in pursuing the December 2016 Motion to Compel. The detailed billing records establish that the amount of time spent by Defendants' Counsel in pursuing the December 2016 Motion to Compel was necessarily and reasonably incurred. Defendants' counsel charged the same $275.00/hour that the Court already has determined to be reasonable in these circumstances. In addition, the Court concludes that the skill needed to perform the services involved in pursuing the December 2016 Motion to Compel required an attorney of Defendants' counsel's experience. Accordingly, the Court concludes, in its discretion, that Defendants' counsel is entitled to an award of $385.00 (1.4 hrs. x $275.00) in attorneys' fees for pursuit of the December 2016 Motion to Compel.

c. *Defendants' Response.*

40. Finally, Defendants seek an award of $960.00 in attorneys' fees for time expended in preparing Defendants' Response. The Court has carefully reviewed Defendants' Response and the affidavit of counsel filed in support of the

request for attorneys' fees and concludes, in its discretion, that Defendants' request for attorneys' fees in connection with preparing Defendants' Response should be DENIED.

THEREFORE, IT IS ORDERED that:

1. To the extent they seek dismissal of Gillespie's claims in this action, Defendants' Motions are GRANTED, and Gillespie's claims are DISMISSED WITHOUT PREJUDICE.

2. Defendants' request for $1,265.50 in attorneys' fees for pursuit of the October 2016 Motion to Compel is GRANTED, and Defendants are awarded $1,265.50 as attorneys' fees.

3. Defendants' requests for an award of attorneys' fees in pursuing the Motion for Sanctions and December 2016 Motion to Compel are GRANTED, and Defendants are awarded $1,155.00 as attorneys' fees.

4. Defendants' request for attorneys' fees in connection with preparing Defendants' Response is DENIED.

5. Gillespie shall pay the $2,421.00 in attorneys' fees awarded herein on or before June 23, 2017.

This the 12th day of May, 2017.

/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge for
Complex Business Cases