BARBARA DYER AND RONALD PERKINS v. STATE OF NORTH CAROLINA

No. 227PA91

(Filed 8 May 1992)

1. **Wills § 25 (NCI3d) — caveat — lack of testamentary capacity — jury verdict for propounder — substantial merit of claim — award of attorney fee to caveators**

The evidence supported the trial court's finding that a caveat filed on the ground that testatrix lacked the necessary testamentary capacity had substantial merit so as to permit the court to award an attorney fee to the caveators to be paid from the estate pursuant to N.C.G.S. § 6-21(2), notwithstanding the jury found that testatrix had the mental capacity to make a will, where caveators presented evidence tending to show that testatrix left all of her property to the State; testatrix had been involuntarily committed to a mental hospital for approximately three months some ten years before her death; her physical condition deteriorated very fast a few years before her death; she believed in witchcraft and talked about it every day; she thought her son was practicing witchcraft on her and put him out of the house; she kept a Bible at every door to keep the devil out and put salt between her mattresses to kept evil spirits away; testatrix had two personalities so that she was very receptive and would welcome

an elder from her church when he visited one day and the next day she would not do so; and testatrix told the elder that she could hear doors slamming and bells ringing when she was alone at home.

**Am Jur 2d, Wills §§ 1094, 1095.**

**2. Wills § 25 (NCI3d)— caveat proceeding—amount of attorney fee**

The trial court could properly rely on the statement of caveators' attorney that he had devoted over seventy hours to the case in determining the amount of the attorney fee to be awarded to the caveators and could determine the attorney's skill and the difficulties the attorney faced in trying the case by his observation of the attorney during the trial, and the court did not err in allowing $50.00 per hour for a total of $3,500 as the fee.

**Am Jur 2d, Wills §§ 1094, 1095.**

ON petition for discretionary review pursuant to N.C.G.S. § 7A-31 of a decision of the Court of Appeals reported at 102 N:C. App. 480, 402 S.E.2d 464 (1991), reversing an order of *Reid, J.,* entered at the 14 March 1990 Session of Superior Court, NEW HANOVER County. Heard in the Supreme Court 14 February 1992.

On 29 November 1982, Jannie Lou Perkins Alston (testatrix) executed a will devising all of her property to the State of North Carolina. She died on 21 November 1985. In March of 1986, the caveators, the children of the testatrix, filed a caveat proceeding seeking to annul the will on the ground that the testatrix lacked the necessary testamentary capacity at the time she executed her will. The caveat proceeding was heard in the superior court, and on 8 February 1990, a jury returned a verdict favoring the propounder of the will.

The caveators did not appeal but moved the court pursuant to N.C.G.S. § 6-21(2) for an award of attorneys' fees. The trial court awarded a fee to the caveators in the amount of $3,500 and directed that the fee be paid from the estate of the testatrix.

The Court of Appeals reversed the award of attorneys' fees to caveators, holding that the caveators did not present substantial evidence to support the order of the trial court.

*Hardee & Hardee, by G. Wayne Hardee and Charles R. Hardee, for caveator-appellants.*

*Lacy H. Thornburg, Attorney General, by T. Buie Costen, Special Deputy Attorney General, for the State.*

WEBB, Justice.

[1] This case is governed by N.C.G.S. § 6-21 which provides in part as follows:

> Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court:
>
> . . . .
>
> (2) Caveats to wills and any action or proceeding which may require the construction of any will or trust agreement, or fix the rights and duties of parties thereunder; provided, that in any caveat proceeding under this subdivision, the court shall allow attorneys' fees for the attorneys of the caveators only if it finds that the proceeding has substantial merit.
>
> . . . .
>
> The word "costs" as the same appears and is used in this section shall be construed to include reasonable attorneys' fees in such amounts as the court shall in its discretion determine and allow[.]

We dealt with N.C.G.S. § 6-21(2) before it was in its present form in *In re Ridge*, 302 N.C. 375, 275 S.E.2d 424 (1981). At that time, the statute did not require that courts find that a caveat have substantial merit before allowing attorneys' fees as part of the costs, but it did provide that if a court should find the proceeding was without substantial merit it could disallow attorneys' fees for the caveator.

In interpreting the statute and setting forth the appropriate standard of review in *Ridge* we said:

> The findings of the trial judge are conclusive on appeal if there is competent evidence in the record to support them. . . . This is true even though there may be evidence in the record which could sustain findings to the contrary. . . . We

must therefore determine whether the trial judge's award of caveators' attorneys' fees and costs from the estate constituted an abuse of discretion. In order to make that determination we must first consider whether there is competent evidence in the record before us to support the findings and conclusion of the trial judge.

*In re Ridge,* 302 N.C. at 380, 275 S.E.2d at 427.

Although N.C.G.S. § 6-21(2) has been amended so that it now provides that the court must find that a caveat proceeding has substantial merit before it may award an attorney's fee, the standard of review of an order made under the section has not been changed. If the findings of the superior court are supported by the evidence we cannot disturb them.

In this case the court found as a fact, "[t]hat evidence was presented which suggested that there was reasonable grounds to suspect that Jannie Lou Perkins Alston suffered from some mental illness such that she was not of sound mind at the time she signed the paper writing which has been adjudicated to be her last will and testament." The court concluded "as a matter of law, that the filing of the caveat was apt and proper, was done in good faith, and had substantial merit." If this finding of fact is supported by the evidence, it supports the conclusion made by the superior court.

In this case the record shows that the testatrix died in 1985. She had been involuntarily committed to Cherry Hospital on 12 February 1975 and was discharged on 6 May 1975. The testatrix' daughter testified that her mother's physical condition was "deteriorating very fast" in 1981. Her son testified that she believed in witchcraft and talked about it every day. He also testified his mother thought he was practicing witchcraft on her and put him out of the house, that she kept a Bible at every door to keep the devil out, that she put salt between her mattresses, apparently to keep evil spirits away from her. An elder in her church testified the testatrix had two personalities so that she was very receptive and would welcome him one day when he visited and the next day she would not do so. The elder also testified that the testatrix told him she could hear doors slamming and bells ringing when she was alone at home. We hold that this evidence supports the finding of fact by the superior court that there was evidence presented which suggested the testatrix was not of sound mind.

DYER v. STATE

[331 N.C. 374 (1992)]

This finding of fact supports the conclusion that there was substantial merit in the caveat.

The propounders offered substantial evidence that the testatrix did have the mental capacity to make a will and the jury so found, but that is not the test. We do not weigh the evidence and it was error for the Court of Appeals to do so. There was competent evidence in the record to support the findings of the superior court and we are bound by those findings.

[2]   The State also contends there was not sufficient evidence to support the amount awarded as an attorney's fee. After the trial was complete, the court inquired of the attorney for the caveators as to how much time he had devoted to the case. The attorney told the court he had spent over seventy hours on the case. The court said it would allow $50.00 per hour as an attorney fee for a total of $3,500. The court found as a fact that the attorney for the caveators devoted in excess of 75 hours for the preparation and trial of the case and taxed an attorney's fee of $3,500 as a part of the costs.

The State, relying on *In re Estate of Tucci*, 104 N.C. App. 142, 408 S.E.2d 859 (1991), *rev. granted*, 330 N.C. 612, 412 S.E.2d 96 (1992), *Barker v. Agee*, 93 N.C. App. 537, 378 S.E.2d 566, *aff'd in part, rev'd in part*, 326 N.C. 470, 389 S.E.2d 803 (1990) and *Epps v. Ewers*, 90 N.C. App. 597, 369 S.E.2d 104 (1988), argues that the amount of the award of the attorney's fee was not supported by competent evidence or proper findings of fact. We hold that the court properly relied on the statement of the caveators' attorney as to the amount of time he devoted to the case. The attorney was an officer of the court. The court observed the attorney during the trial and could determine his skill in trying the case as well as the difficulty of the problems faced by the attorney. We assume the court took these factors into account in setting the attorney's fee. The amount of the fee was within the discretion of the court. The findings of fact are supported by the evidence and the findings of fact support the conclusion of the court. The court did not abuse its discretion in awarding the attorney's fee.

We reverse the decision of the Court of Appeals and remand for an order from that court reinstating the order by the Superior Court, New Hanover County.

Reversed and remanded.