IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 22-654

Filed 04 April 2023

Wake County, No. 20-CVD-11594

KATHERINE AIMEE BROSNAN, Plaintiff,

v.

GEORGE GEOFFREY CRAMER, Defendant.

Appeal by Defendant from Order entered 8 February 2022 by Judge Anna E. Worley in District Court, Wake County. Heard in the Court of Appeals 24 January 2023.

> *Parker Bryan Britt Tanner & Jenkins, PLLC, by Amy L. Britt, Stephanie T. Jenkins, and Alicia J. Journey, for Plaintiff-Appellee.*
>
> *Connell & Gelb, PLLC, by Michelle D. Connell, Raleigh, for Defendant-Appellant.*

STADING, Judge.

George Geoffrey Cramer ("Defendant") appeals from an order entered 8 February 2022 granting Katherine Aimee Brosnan ("Plaintiff") postseparation support. Defendant filed a Petition for Writ of Certiorari on 7 October 2022. Plaintiff filed a Motion to Dismiss Defendant's Appeal on 17 August 2022. Based on the foregoing reasons, we grant Defendant's Petition for Writ Certiorari and deny Plaintiff's Motion to Dismiss Appeal. We vacate and remand the Order of the trial court with instructions consistent with this Opinion.

## I.     Factual and Procedural History

Defendant and Plaintiff married on 1 November 2008. Plaintiff filed for alimony, attorney's fees, child custody, child support, equitable distribution, and postseparation support on 15 October 2020. Defendant filed his answer, counterclaims, and affirmative defenses on 20 January 2021. Plaintiff filed her reply on 15 March 2021. Thereafter, on 8 April 2021, Plaintiff filed a notice of voluntary dismissal specifically stating "[t]he Plaintiff gives notice of voluntary dismissal without prejudice in this case of her claim for postseparation support as to the Defendant."

Under a separate case number, Defendant filed a complaint seeking absolute divorce on 19 April 2021 pursuant to N.C. Gen. Stat. § 50-6. Plaintiff accepted service of the complaint on 27 April 2021. Plaintiff did not attempt to revive the postseparation support claim by answering the complaint with a counterclaim or by any other means prior to the entry of judgment of absolute divorce. In the absence of a responsive pleading, pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, Defendant filed a Motion for Summary Judgment on the claim for absolute divorce on 9 June 2021. Defendant's Motion for Summary Judgment was granted on 2 July 2021. Twenty days later, on 22 July 2021, Plaintiff filed a motion in the cause for postseparation support in an effort to reinstate the previously dismissed postseparation support claim.

In response to Plaintiff's Motion in the Cause filed to reestablish a claim for

postseparation support, Defendant filed a Motion to Dismiss. On 8 February 2022 the trial court denied Defendant's Motion to Dismiss Plaintiff's claim for postseparation support. Additionally, the trial court ordered Defendant to pay monthly postseparation support from 1 December 2021 until "the death of either party, Plaintiff's remarriage, Plaintiff's cohabitation, the dismissal of Plaintiff's alimony claim, or the entry of an order resolving Plaintiff's alimony claim, whichever occurs first." The trial court ordered a stay of the postseparation support portion of the judgment pending disposition of this appeal.

Defendant filed and served a notice of appeal on 17 February 2022. Plaintiff filed a motion to dismiss Defendant's interlocutory appeal on 17 August 2022, claiming that the appealed order neither affected a substantial right nor fell within a category permitting immediate appeal. Defendant filed a notice of Rule 60(b) motion on 7 October 2022, requesting this Court to delay consideration of his appeal from the trial court's order until the trial court entered an order indicating how it would be inclined to rule on the Rule 60 motion were this appeal not pending. This Court denied Defendant's request for delayed consideration by order on 20 October 2022. Additionally, Defendant filed a Petition for Writ of Certiorari on 7 October 2022.

## II.     Jurisdiction

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order

to settle and determine the entire controversy." *Veazey v. City of Durham,* 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citations omitted). Defendant acknowledges the appeal of postseparation support based on subject-matter jurisdiction is interlocutory. When an appeal is interlocutory, Defendant's avenues for appellate review are limited. *See* N.C. Gen. Stat. § 50-19.1.

> "An interlocutory order may be immediately appealed in only two circumstances: (1) when the trial court, pursuant to N.C.R. Civ. P. 54(b), enters a final judgment as to one or more but fewer than all of the claims or parties and certifies that there is no just reason to delay the appeal; or (2) when the order deprives the appellant of a substantial right that would be lost absent appellate review prior to a final determination on the merits."

*Akers v. City of Mount Airy*, 175 N.C. App. 777, 779, 625 S.E.2d 145, 146 (2006). In the present matter, there is not a Rule 54(b) certification on the order for postseparation support. Additionally, existing case law has established that a "postseparation support order is a temporary measure, it is interlocutory, it does not affect a substantial right, and it is not appealable." *Rowe v. Rowe*, 131 N.C. App. 409, 411, 507 S.E.2d 317, 319 (1998).

However, this Court has the discretion to issue extraordinary writs "to supervise and control the proceedings of any of the trial courts of the General Court of Justice" pursuant to N.C. Gen. Stat. § 7A-32(c) (2022). "The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when . . . no right of appeal from an

interlocutory order exists . . . ." N.C. R. App. P. 21. Moreover, "the appellate courts of this State in their discretion may review an order of the trial court, not otherwise appealable, when such review will serve the expeditious administration of justice or some other exigent purpose." *Stanback v. Stanback,* 287 N.C. 448, 453, 215 S.E.2d 30, 34 (1975). After careful review of the question presented, we grant Defendant's Petition for Writ of Certiorari.

## III.  Analysis

Defendant argues that a recent ruling by this Court in *Smith v. Smith*, 282 N.C. App. 735, 870 S.E.2d 154 (2022), resolves the issue before us and eliminates the need consider the current appeal. However, the facts of *Smith* are distinguishable from this case in that "[n]o formal claims for postseparation support, alimony, or equitable distribution were filed until after the judgment of absolute divorce was entered . . . ." *Id.* The present dispute diverges factually in that the claim for postseparation support was filed and voluntarily dismissed by Plaintiff before the judgement of absolute divorce was entered. Thus, we consider the merits of the appeal.

Here, despite Plaintiff's dismissal of the postseparation support claim prior to the entry of absolute divorce, the trial court denied Defendant's Motion to Dismiss and ordered postseparation support on 8 February 2022. The Order specifically decreed "[b]eginning December 1, 2021 and continuing on the first day of each month thereafter, Defendant shall pay [a specific amount of] postseparation support to

Plaintiff[.]" Furthermore, the trial court held that "[t]he postseparation support payments are stayed pending appeal of this order." With respect to the trial court's order on postseparation support, we consider the trial court's findings of fact to be supported by competent evidence and no further factual development to be required. *See Schloss v. Jamison*, 258 N.C. 271, 275, 128 S.E.2d 590, 593 (1962). However, issues of statutory interpretation are questions of law, fully reviewable under a *de novo* standard of review. *See In re Summons Issued to Ernst & Young, LLP,* 363 N.C. 612, 616, 684 S.E.2d 151, 154 (2009).

As Defendant correctly points out, "[b]ecause postseparation orders are interlocutory, there is little case law addressing this very common, independent claim." Although no specific case law was cited or referenced, the trial court ordered postseparation support on 8 February 2022 by finding:

> [C]onsidering the purposes of postseparation support (i.e., to provide temporary support pending the award or denial of alimony), the case law surrounding alimony and the language of N.C. Gen. Stat. § 50-16.1A(4), postseparation support in this action is not foreclosed. N.C. Gen. Stat. § 50-16.2A clearly states that you can raise postseparation support by motion. At the time of the divorce, Plaintiff's alimony claim remained pending, and Defendant was on notice that there was a claim for spousal support pending in this matter.

And in accordance with the North Carolina Rule of Civil Procedure addressing dismissal of actions, absent a more specific statute, a claim dismissed without prejudice would normally survive:

> [A]n action or any claim therein may be dismissed by the plaintiff without order of court . . . . Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice . . . . If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal[.]

N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2022).

However, the text of the statute entitled "The effects of absolute divorce" speaks more directly to the issue presented to this Court:

> A divorce obtained pursuant to G.S. 50-5.1 or G.S. 50-6 shall not affect the rights of either spouse with respect to any action for alimony or postseparation support pending at the time the judgment for divorce is granted. Furthermore, a judgment of absolute divorce shall not impair or destroy the right of a spouse to receive alimony or postseparation support or affect any other rights provided for such spouse under any judgment or decree of a court rendered before or at the time of the judgment of absolute divorce.

N.C. Gen. Stat. § 50-11(c) (2022) (emphasis added).

Similarly, the language contained in N.C. Gen. Stat. § 50-19 (2022) addresses the "[m]aintenance of certain actions[,]" including claims of postseparation support. It states that "[n]otwithstanding the provisions of G.S. 1A-1, Rule 13(a), any action described in subdivision (a)(1) through (a)(5), of this section that is filed as an independent, separate action may be prosecuted during the *pendency* of an action for divorce under G.S. 50-5.1 or G.S. 50-6. *Id.* (emphasis added).

This case presents a conflict between a generally applicable provision of the North Carolina Rules of Civil Procedure and the more specific sections of Chapter 50 of the North Carolina General Statutes. To resolve such contradictions, our appellate courts have consistently applied a canon of statutory construction known as *generalia specialibus non derogant.* "North Carolina's appellate courts have repeatedly recognized that '[w]here one of two statutes might apply to the same situation, the statute which deals more directly and specifically with the situation controls over the statute of more general applicability.'" *Perry v. GRP Fin. Servs. Corp.,* 196 N.C. App. 41, 49, 674 S.E.2d 780, 785 (2009) (citation omitted). Accordingly, since N.C. Gen. Stat. § 50-11(c) and N.C. Gen. Stat. § 50-19 specifically address the voluntarily dismissed claim at issue in this case, the language in those statutes are controlling.

Having settled the appropriate controlling statutory authority, we must now consider the text of those statutes and determine its application in this particular setting. This Court must review the words chosen by the General Assembly to ensure that both the purpose and the intent of the legislation are effectuated. *See Electric Supply Co. v. Swain Electrical Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991). When the language used is clear and unambiguous, this Court must refrain from judicial construction and accord words undefined in the statute their plain and definite meaning. *Utilities Comm. v. Edmisten, Atty. General*, 291 N.C. 451, 466, 232 S.E.2d 184, 193 (1977). An application of the aforementioned principle requires consideration of the plain meaning of the words used in the more controlling statutes.

Specifically, we are charged with acknowledging the plain meaning of the statutory language "postseparation support *pending* at the time the judgment for divorce is granted" in N.C. Gen. Stat. § 50-11(c) (2022) (emphasis added) and "action may be prosecuted during the *pendency* of an action for divorce" in N.C. Gen. Stat. § 50-19 (2022) (emphasis added).

Merriam-Webster defines "pending" as "not yet decided; being in continuance." *Pending*, Merriam-Webster Dictionary (11th ed. 2003). The use of "pending" and "pendency" indicates that the General Assembly was referring to claims that remain active at the time a judgment for divorce is granted. "It is presumed that the legislature intended each portion of [a statute] to be given full effect and did not intend any provision to be mere surplusage." *Porsh Builders, Inc. v. Winston-Salem*, 302 N.C. 550, 556, 276 S.E.2d 443, 447 (1981). The General Assembly's use of the words "pending" and "pendency" in both statutes is not coincidental, nor is it mere surplusage. Here, Plaintiff's claim for postseparation support was voluntarily dismissed and not reinstated before the judgment for divorce was granted, so it could not have been *pending*. Consequently, the trial court was divested of subject-matter jurisdiction to enter an order awarding postseparation support. For these reasons, we conclude the trial court erred in denying Defendant's Motion to Dismiss Plaintiff's claim for postseparation support.

## III. Conclusion

Since the trial court lacked subject-matter jurisdiction to award Plaintiff

postseparation support, the trial court erred in denying Defendant's Motion to Dismiss. As such, we vacate the trial court's Order and remand with instructions to grant Defendant's Motion to Dismiss.

VACATED AND REMANDED.

Judges GORE and RIGGS concur.